**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMICUS CURIAE HOLDERS OF FRACTIONAL INTEREST,** | § § § | |
| **Appellants,** | § § | |
| **vs.** | § § | **Civil Case No. 4:18-cv-00209-O** |
| | § § | |
| **POSITION HOLDER TRUST OF THE REORGANIZED LIFE PARTNERS HOLDINGS, INC. et al.,** | § § § § | |
| **Appellees.** | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Appellant Amicus Curiae Holders of Fractional Interest's (the "Appellant") Brief (ECF No. 6), filed April 10, 2018; Appellee Life Partners Position Holder Trust and Governing Trust Board for the Life Partners Position Holder Trust and the Life Partners Creditors' Trust's (the "Appellee") Joint Brief (ECF No. 10), filed May 17, 2018; and Appellant's Reply (ECF No. 12), filed May 31, 2018. This action is an appeal from of an order of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. After considering the motion, briefing, the record on appeal, and relevant law, the Court **DENIES** the appeal and holds that the bankruptcy court's order should be and is hereby **AFFIRMED**.

## I.      JURISDICTION

This appeal arises from the bankruptcy court's February 7, 2018 Denial of Relief Order. *See* Not. Appeal, ECF No. 1.  In its order, the bankruptcy court found the parties were bound by a stipulation of compromise and denied all other relief requested outside of that stipulation. This Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a).

## II.    UNDERLYING FACTS

Life Partners Holdings Inc. filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 20, 2015. Appellant's Br. 2, ECF No. 6. On October 27, 2016, the Chapter 11 Trustee, Subsidiary Debtors and Committee, as Plan Proponents, filed their Joint Plan. *Id*. The bankruptcy court entered its order confirming the plan on November 1, 2016. *Id*. On December 26, 2017—after a hearing over the disagreements and resulting informal mediation related to the joint plan—the bankruptcy court entered a stipulation resolving most disagreements between the parties. *See* Record on Appeal 1–2, ECF No. 8. However, a few disputes remained. After considering briefing provided by the parties, the bankruptcy court resolved those disputes in its February 7, 2018, Order by denying relief and finding the parties otherwise bound by the stipulation of compromise. *Id*. On March 14, 2018, Appellant filed notice of this appeal.

## III.    ISSUES ON APPEAL

The two issues Appellant presents on appeal are:

1.    Did the bankruptcy court err when it entered the Denial of Relief Order?

2.    Did the bankruptcy court err when it denied Appellant oral argument?

Appellant's First. Am. Designation of Record and Statement of Issues. 3, ECF No. 8.

## IV.    STANDARD OF REVIEW

When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1104 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to the clearly erroneous standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. These findings are

reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.*

## V. ANALYSIS

Appellant raises a number of substantive arguments on appeal. However—as Appellee points out—those arguments are inapposite if not properly preserved. Appellee argues that Appellant's notice of appeal and statement of issues on appeal were insufficient to preserve all but one of Appellant's arguments. Appellee's Br. 14, ECF No. 11. In Reply, Appellant argues that it preserved all disputed legal and factual issues for appeal by generally asserting the bankruptcy court erred in its ruling. Appellant's Reply 5–7, ECF No. 12. Before analyzing the one argument the parties agree *is* properly preserved, the Court must consider Appellant's larger preservation argument.

### A. Preservation Under Bankruptcy Rule 8006

"Bankruptcy Rule 8006 provides that, in an appeal to a district court or bankruptcy appellate panel, 'the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.'" *In re McCombs*, 659 F.3d 503, 510 (5th Cir. 2011). "[E]ven if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal." *In re GGM, P.C.*, 165 F.3d 1026, 1032 (5th Cir. 1999). "Failure of a bankruptcy appellant to designate issues as required by Bankruptcy Rule 8006 result[s] in waiver of those issues." *Id.* And "it is clear under the law of this circuit that an issue that is not designated in the statement of issues in the district court is waived on appeal when the district court rules on the merits." *McCombs*, 659 F.3d at 510.

Here, both Appellant's notice of appeal and statement of issues provided:

> "Amicus respectfully believed that the Court erred in entering the Denial of Relief Order Dkt. #4102 based on the facts and legal arguments submitted. Amicus believed that the Court would benefit from oral argument of the facts and evidence submitted. Amicus believed that oral argument would support the granting and not denying relief, consistent with the balance of the stipulation already approved by the Court under seal."

Appellant's First Am. Designation of Record and Statement of Issues 3, ECF No. 8,

After submitting the statement of issues and notice of appeal, Appellant submitted a brief which included issue-specific arguments not provided in the statement of issues. *See* Appellant's Br., ECF No. 6.

In *McCombs*, the Fifth Circuit addressed a similar situation and ruled that whether a party includes arguments in underlying bankruptcy court briefing "is immaterial if she did not preserve them for appeal by including them in her statement of issues." *McCombs*, 659 F.3d at 513. Here, the Court finds that Appellant failed to include "the issue[s] in its statement of issues on appeal" when it failed to include those issues that were later submitted in its brief. *GGM*, 165 F.3d at 1032. Accordingly, Appellant preserved only the oral argument issue. Appellant's other arguments were "not preserved for appeal under Bankruptcy Rule 8006" because they were not included in the statement of issues. *McCombs*, 659 F.3d at 513.

## B. Bankruptcy Court Discretion

In the statement of issues—but not in the briefs—Appellant argues that the bankruptcy court would have benefited from hearing oral argument over the remaining disputes surrounding the stipulation. Appellant's First Am. Designation of Record and Statement of Issues 3, ECF No. 8. Appellee responds that the bankruptcy court exercised appropriate discretion when it denied oral argument because Appellant previously agreed to submit its remaining arguments "totally on the papers" and noted that "[n]o further hearing [was] required." Appellee's Br. 8, ECF No. 11.

Bankruptcy courts are afforded discretion to manage their docket. *See Matter of U.S. Abatement Corp.*, 39 F.3d 556, 560 (5th Cir. 1994). Within that discretion is the ability to decide whether or not to grant oral argument in matters—and on specific motions. *See Kaufman v. S and C Corp.*, 171 B.R. 38, 40 (S.D. Tex. 1994). And "(i)n assessing what process is due…substantial weight must be given to the good-faith judgments of the individuals charged by Congress with the administration of…programs that the procedures they have provided assure fair consideration of the …claims of individuals." *In re Bleaufontaine, Inc.*, 634 F.3d 1383, 1388 (5th Cir. Unit B 1981) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)). Here, noting that Appellant originally agreed to waive oral argument, the Court finds the Bankruptcy Court did not *abuse* its discretion when it denied oral argument. Accordingly, the Court **AFFIRMS** the Bankruptcy Court's ruling.

## VI. CONCLUSION

For the foregoing reasons, this appeal is **DENIED** and the bankruptcy court's ruling and judgment are hereby **AFFIRMED**.

**SO ORDERED** on this **21st day** of **March, 2019**.

Reed O'Connor

**UNITED STATES DISTRICT JUDGE**